**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000855
17-OCT-2022
07:54 AM
Dkt. 65 ODMR**

NO. CAAP-19-0000855


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


AL R. NACINO, Plaintiff-Appellant,
v.
CAMBRIDGE MANAGEMENT, INC., Defendant-Appellee,
and
JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE LLCS 1-5; DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5; and DOE GOVERNMENTAL AGENCIES 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 1CC161001853)


ORDER
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)


Upon review of the Motion for Reconsideration filed by Defendant-Appellee Cambridge Management, Inc. on October 5, 2022, the papers in support, and the record, it appears that Cambridge moves for reconsideration of our Summary Disposition Order (**SDO**) filed on September 26, 2022.

Cambridge contends that the SDO failed to focus on the first element of a prima facie case of retaliation under Hawaii Revised Statutes (**HRS**) § 378-2(a)(2).  Citing Gonsalves v. Nissan Motor Corp., 100 Hawaiʻi 149, 163, 58 P.3d 1196, 1210 (2002), Cambridge argues "Nacino failed to demonstrate that he had an objectively reasonable belief when he filed the earlier lawsuit that he was complaining about . . . discrimination based upon his

race, national origin, sex, or other characteristic protected under HRS § 378-2."

The circuit court's order granting Cambridge's MSJ stated:

> [T]he record does not establish that [Nacino] had an objectively reasonable basis to believe he had been discriminated against based on his race, national origin or skin color (or any other characteristic protected under part I of HRS Chapter 378).

As stated in our SDO, Nacino's Discrimination Lawsuit complaint alleged that he was "subjected to adverse employment actions" including "harassment, discrimination, retaliation and disparate treatment" by Cambridge in violation of HRS § 378-2. Cambridge's MSJ was *not* based upon claim or issue preclusion; thus, the ultimate disposition of the Discrimination Lawsuit in favor of Cambridge — after more than *three years* of litigation — is not material to whether or not Nacino had a reasonable basis to believe he had been discriminated against in violation of HRS Chapter 378 *at the time he filed the Discrimination Lawsuit* (one month before his employment was terminated). The trier of fact must decide whether — under the circumstances that existed *when the complaint in the Discrimination Lawsuit was filed* — Nacino had a reasonable basis to believe he had been discriminated against in violation of HRS Chapter 378.

The Motion for Reconsideration presents no point of law or fact we overlooked or misapprehended. See Rule 40(b), Hawaiʻi Rules of Appellate Procedure. Therefore, IT IS HEREBY ORDERED that the Motion for Reconsideration is denied.

DATED: Honolulu, Hawaiʻi, October 17, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

2